UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN J. WHITEHEAD,

    Plaintiff,

      v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. C15-5143RSM

ORDER ON SOCIAL SECURITY DISABILITY

## I.      INTRODUCTION

Plaintiff, Dylan Whitehead, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits and Supplemental Security Income disability benefits, under Title II and Title XVI of the Social Security Act. This matter has been fully briefed and, after reviewing the record in its entirety, the Court REVERSES IN PART AND AFFIRMS IN PART the Commissioner's decision and REMANDS this matter for further proceedings.

## II.      BACKGROUND

In June of 2010, Plaintiff filed concurrent applications for Social Security Disability Insurance (SSDI) and Supplemental Security Income disability benefits (SSI), alleging

disability beginning October 1, 2008.  Tr. 19.  Plaintiff's claims were denied initially and on reconsideration.  *Id.*  On March 22, 2012, Administrative Law Judge ("ALJ") Mattie Harvin-Woode held a hearing with Plaintiff.  Tr. 19 and 44.  Plaintiff was represented by counsel, Eitan K. Yanich.  Tr. 44.  Vocational Expert ("VE") DT Raymond North was also present.  *Id.*  At the hearing, Plaintiff amended his alleged disability onset date to June 10, 2010.  Tr. 19 and 44.  On April 26, 2012, the ALJ found Plaintiff not disabled.  Tr. 44-55.

Plaintiff then requested administrative review of the ALJ's decision, and on November 1, 2013, the Appeals Council granted review and remanded the applications back to the ALJ. Tr. 198-201.

On January 22, 2014, ALJ David Johnson held a hearing.  Tr. 19.  Plaintiff was unable to attend the hearing due to a hospitalization; however, his counsel, Mr. Yanich, was able to attend on Plaintiff's behalf.  *Id.*  Appearing and testifying by phone was impartial medical expert Kent Layton, PsyD.  VE Mark Herrington also appeared and testified at the hearing.  *Id.* At the hearing, Plaintiff (through counsel) amended his alleged disability onset date back to October 1, 2008.  *Id.*

On May 6, 2014, ALJ David Johnson held a second hearing.  Tr. 19.  Plaintiff appeared and testified at that hearing.  VE Leta Berkshire also appeared and testified at the hearing.  *Id.* Plaintiff was represented by Mr. Yanich.

On June 30, 2014, ALJ Johnson issued an unfavorable decision, finding Plaintiff not disabled.  Tr. 19-34.  Plaintiff then sought review by the Appeals Council, which the Council denied on January 2, 2015, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Tr. 1-15.  Plaintiff then timely filed this judicial action.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 2

### III.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### IV.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the

record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V.  EVALUATING DISABILITY

As the claimant, Mr. Whitehead bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or

---

[1] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI.    ALJ DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Mr. Whitehead had not engaged in substantial gainful activity since October 1, 2008, the amended alleged onset date.  Tr. 22.

---

[2] 20 C.F.R. §§404.1520, 416.920.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 5

**Step two:** Mr. Whitehead had medical impairments that caused more than a minimal effect on his ability to perform basic work activities. Specifically, he suffered from the following "severe" impairments: history of spontaneous pneumothoraces, major depressive order, social anxiety disorder, polysubstance dependence, avoidant personality disorder, and psychosis. Tr. 22.

**Step three:** These impairments are not severe enough to meet the requirements of any listed impairment in Appendix 1, Subpart P, Regulations No. 4. Tr. 22.

**Residual Functional Capacity:** Mr. Whitehead has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work that is low stress meaning it consists of simple routine tasks that do not require interaction with coworkers or the general public; that is quota based rather than paced by the demands of work being performed such as to meet an immediate demand; and that does not require changes in the work setting. Tr. 25.

**Step four:** Mr. Whitehead is unable to perform any past relevant work as a home attendant, a dining room attendant busser, and as a coffee maker. Tr. 33.

**Step five:** Considering Mr. Whitehead's age, education, work experience, and RFC, there are a significant number of jobs that exist in the national economy that Mr. Whitehead could perform, such as folder, hotel motel housekeeper, airplane cleaner, and janitor; therefore, he is not disabled. Tr. 33-34.

## VII.    ISSUES ON APPEAL

Plaintiff now argues that the ALJ committed reversible error by: (1) improperly evaluating medical evidence; (2) improperly evaluating Plaintiff's testimony; (3) improperly evaluating the lay evidence; 4) improperly assessing Plaintiff's RFC; and 5) improperly basing

his Step Five finding on an RFC assessment that did not include all of Plaintiff's functional limitations.  Dkt. #12 at 2.

## VIII.   DISCUSSION

### A.  The ALJ's Assessment of the Medical Evidence

Plaintiff first argues that the ALJ failed to properly evaluate the medical evidence in a variety of ways.  Dkt. #12 at 3-17.  The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider.  *Id.* at 830-31.  In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided.  *Id.* at 830.  If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record."  *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted).  When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct.  *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).  The Court addresses each of Plaintiff's specific arguments in turn below.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 7

     *1. Evidence Prior to Onset Date*

Plaintiff argues that the ALJ should have considered evaluations by Drs. Neims, Trowbridge and Wingate, all of which occurred prior to the alleged onset date of October 1, 2008, because those evaluations provide a "longitudinal perspective" on Mr. Whitehead's mental impairments.   Dkt. #12 at 3.   Length of treatment relationship and frequency of evaluation are factors for an ALJ to consider when determining the weight to give a physician's opinion.  20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).  If a treating physician has seen the claimant a number of times "to have obtained a longitudinal picture" of the claimant's impairment, the ALJ will give the source's opinion more weight than a non-treating provider. *Id.*

In this case, the ALJ did not err by failing to consider these opinions.   As the Commissioner notes, these opinions pre-date the alleged onset date by years.   Indeed, Dr. Trowbridge's opinions are from January 2005 and February 2006.  Tr. 521-528 and 539-552. Dr. Neims' evaluation is from April 2005.  Tr. 529-535.  Dr. Wingate's evaluation is from July 2006.   Tr. 553-562.   Plaintiff asserts in conclusory manner that these opinions prove a "longitudinal perspective" on Mr. Whitehead's mental impairments, but fails to provide any real analysis regarding the alleged harmful error.  *See* Dkts. #12 at 3 and #17 at 2-3.

Further, Plaintiff is not correct that the ALJ violated the Ninth Circuit's decision in *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) by failing to discuss these evaluations.  In *Hill*, the ALJ's decision failed to address a doctor's opinion that Mr. Hill's "combination of mental and medical problems makes the likelihood of sustained full time competitive employment unlikely." *Hill*, 698 F.3d at 1160.  The Ninth Circuit determined that the ALJ's disregard of that medical opinion was not harmless error because the statement was an assessment, based on

objective medical evidence, of Hill's likelihood of being able to sustain full time employment given the many medical and mental impairments Hill faced and her inability to afford treatment for those conditions. *Hill*, 698 F.3d at 1160. Unlike the doctor in *Hill*, Drs. Neims', Trowbridge's and Wingate's evaluations come years before the alleged onset date, and are therefore not significant to whether he was disabled as of October 1, 2008. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding an ALJ did not err by ignoring a medical report because the report at issue was neither significant nor probative).

For these reasons, the Court finds the ALJ did not err in failing to discuss the 2005-2006 evaluations of Drs. Neims, Trowbridge and Wingate.

### 2. Terilee Wingate, Ph.D.

Plaintiff next argues that the ALJ erred by improperly rejecting Dr. Wingate's opinions. Dkt. #12 at 3-9. An ALJ gives specific, legitimate reasons to discount contradicted opinions by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation of the evidence, and making findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ gave "little weight" to Dr. Wingate's opinions on the basis that her conclusions were based on the Plaintiff's subjective complaints, rather than objective medical evidence, and because they were inconsistent with the opinions of other medical experts. Tr. 30. Plaintiff argues that the ALJ ignored Dr. Wingate's clinical findings in reaching that conclusion. The Court disagrees. The ALJ discussed Dr. Wingate's various findings at length in his order. For example, he discussed Dr. Wingate's testing results on April 14, 2010, March 18, 2011, May 11, 2012 and December 17, 2013. Tr. 26-31. However, a review of the record

also demonstrates that she reported Plaintiff's own subjective reports, which contradicted the objective medical testing results.  The ALJ also noted credibility issues with Plaintiff.  Tr. 28.

As noted above, the ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  In this case, the Court declines to substitute its judgment over that of the ALJ, and finds that the ALJ's interpretation of the record was reasonable and supported by substantial evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that so long as the ALJ presents a reasonable interpretation that is supported by substantial evidence, a court may not "second-guess" it).

### 3.  *T. Lincoln Truschel, M.D.*

Plaintiff next argues that the ALJ failed to properly evaluate the opinions of Plaintiff's treating psychiatrist, T. Lincoln Truschel, M.D.  Dkt. #12 at 9-10.  Plaintiff asserts that the ALJ failed to acknowledge Dr. Truschel's clinical findings and his opinion that Plaintiff's global assessment of functioning ("GAF") score was 40.  The Court agrees with Plaintiff.  The ALJ does note that Dr. Truschel conducted a psychiatric evaluation in December of 2010, but fails to note any diagnoses or why he ultimately prescribed medication for Plaintiff.  More significantly, the ALJ fails to assign any weight to Dr. Truschel's opinions.  Tr. 27.

The Commissioner argues in a footnote that no weight was discussed by the ALJ because Dr. Truschel offered no medical opinion on Plaintiff's functioning.  Dkt. #13 at 10 fn. 3.  The Court is not persuaded.  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."  *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 10

of a source who has examined you than to the opinion of a source who has not examined you").

Here, the ALJ does not explain why he discussed no weight in connection to Dr. Truschel's

opinions.  The ALJ never states that Dr. Truschel has failed to provide an assessment of

Plaintiff's abilities.  In fact, he fails to even acknowledge the following, which sheds light on

Plaintiff's functioning:

> It is hard to know precisely where to begin with this man, but his anxieties
> and depression are the longest lived of his difficulties. . . .  This man had a
> great sense of resignation about him, almost as he walked down the hall, as
> though he was sorry to have been condemned to a life on this earth.  He
> distinctly disavowed any suicidal or homicidal ideation, intent, or plan, but
> he seems like a rather hopeless human being at this point.  He does not like
> being in public. . . .

Tr. 538.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it

is based 'to a large extent' on a claimant's self-reports that have been properly discounted as

incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v.

Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d

597, 605 (9th Cir. 1989))).  This situation is distinguishable from one in which the doctor

provides his own observations in support of his assessments and opinions.  Therefore, "when an

opinion is not more heavily based on a patient's self-reports than on clinical observations, there

is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th

Cir. 2014) (*citing Ryan, supra*, 528 F.3d at 1199-1200).  Accordingly, the Court agrees with

Plaintiff that the ALJ failed to properly weight Dr. Truschel's opinions.

   4.   *Christopher Meagher, Ph.D.*

Plaintiff also argues that the ALJ failed to properly evaluate the opinions of Christopher

Meagher, Ph.D.  Dkt. #12 at 10-12.  The ALJ afforded Dr. Meagher's opinions some weight.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 11

Tr. 31.  It appears that the ALJ afforded less weight to Dr. Meagher's opinion on the basis that

another consultative expert, Dr. Layton, had the opportunity to review more of the medical

evidence of record.  *Id.*  The Court finds the ALJ's conclusion in error on the basis that the ALJ

was the person who requested the evaluation by Dr. Meagher.  Tr. 625.  As Plaintiff notes,

under the HALLEX , when an ALJ requests a consultative exam, the ALJ is required to identify

relevant medical evidence and send to the provider "the material and relevant evidence

identified by the ALJ as related to the type of examination ordered along with the most recently

completed     disability     report     form."     HALLEX     I-2-5-20,     available     at

http://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-20.html.   Accordingly, the ALJ should have

provided the relevant record, and, as it appears he did not, it was improper for him to reject Dr.

Meagher's opinions for his failure to review a record not provided to him.

> 5. *Other Medical Evidence*

Next Plaintiff argues that the ALJ failed to properly evaluate medical evidence in the

record from Trisha Holmeide, B.A., James Parker, M.D., Mark Samson, M.D., Ingrid Osanna,

M.A., MHP, Paul Gray, M.A., MHP, Kristyn Strand, M.A., LMHC, MHP, Brenda Tide, MHP,

S. Waller, LICSW, Lilly McCatty, MHP, LMHC, Peggy J. Duquette, MHP, LMHC, Graciela

D. Ruiz, M.A., MHP, Cephus Childs, MHP, and Richard T. Krug, M.D.  Dkt. #12 at 12-15.

Plaintiff focuses primarily on the ALJ's failure to consider the GAF scores reported by these

providers.  *See* Dkt. #17 at 7.  The ALJ gave these scores "very little weight because they lack

probative value."  Tr. 31.  Given the errors noted above, the Court finds the ALJ's evaluation of

these GAF scores in error.  This is particularly true given that the Appeals Council specifically

cited a GAF score in its decision to remand the matter for additional review.  Tr. 198.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 12

*6.  Non-Examining Physicians*

Finally, Plaintiff argues that the ALJ gave too much weight to the opinions of non-examining physicians.  Dkt. #12 at 15-17.  Given the errors noted above, the Court finds the ALJ's evaluation of the non-examining physicians, particularly Dr. Layton, in error as well.

**B.  The ALJ's Assessment of Plaintiff's Testimony, the Lay Evidence, Plaintiff's RFC, and the Step Five Analysis**

Given the Court's findings above, the Court does not reach Plaintiff's arguments regarding the ALJ's Assessment of Plaintiff's Testimony, the Lay Evidence, Plaintiff's RFC and the Step Five Analysis, as these analyses may change after further proceedings pertaining to the errors identified above.

## IX.  CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED IN PART and AFFIRMED IN PART.  This case is REMANDED for further administrative proceedings consistent with this Order.  On remand, the ALJ shall reevaluate the medical and other opinion evidence, Mr. Whitehead's RFC, his credibility and, if necessary, steps two, three, four and five of the five step sequential evaluation.

Plaintiff may choose to re-contact the treating and examining sources for updated records and other medical source statements and obtain additional medical and vocational expert testimony to present at the hearing.

DATED this 17th day of December 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 13