1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN J. WHITEHEAD,

    Plaintiff,

v.

CAROLYN COLVIN, Acting
Commissioner of Social Security
Administration,

    Defendant.

Case No. C15-5143RSM

ORDER DENYING IN PART MOTION
FOR EAJA FEES

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. #22.  Plaintiff seeks $10,738.79 in fees and costs.  *Id.* and Dkt. #25.  Defendant opposes the award of fees on the basis that the requested fees are excessive and unreasonable under the particular facts of this case.  Dkt. #24.  For the reasons set forth below, the Court agrees with Defendant and DENIES IN PART Plaintiff's motion.

## II.    BACKGROUND

In June of 2010, Plaintiff filed concurrent applications for Social Security Disability Insurance (SSDI) and Supplemental Security Income disability benefits (SSI), alleging

ORDER ON EAJA FEES
PAGE - 1

disability beginning October 1, 2008.  Tr. 19.  Plaintiff's claims were denied initially and on reconsideration.  *Id.*  On March 22, 2012, Administrative Law Judge ("ALJ") Mattie Harvin-Woode held a hearing with Plaintiff.  Tr. 19 and 44.  Plaintiff was represented by counsel, Eitan K. Yanich.  Tr. 44.  Vocational Expert ("VE") DT Raymond North was also present.  *Id.*  At the hearing, Plaintiff amended his alleged disability onset date to June 10, 2010.  Tr. 19 and 44. On April 26, 2012, the ALJ found Plaintiff not disabled.  Tr. 44-55.

Plaintiff then requested administrative review of the ALJ's decision, and on November 1, 2013, the Appeals Council granted review and remanded the applications back to the ALJ. Tr. 198-201.

On January 22, 2014, ALJ David Johnson held a hearing.  Tr. 19.  Plaintiff was unable to attend the hearing due to a hospitalization; however, his counsel, Mr. Yanich, was able to attend on Plaintiff's behalf.  *Id.*  Appearing and testifying by phone was impartial medical expert Kent Layton, PsyD.  VE Mark Herrington also appeared and testified at the hearing.  *Id.* At the hearing, Plaintiff (through counsel) amended his alleged disability onset date back to October 1, 2008.  *Id.*

On May 6, 2014, ALJ David Johnson held a second hearing.  Tr. 19.  Plaintiff appeared and testified at that hearing.  VE Leta Berkshire also appeared and testified at the hearing.  *Id.* Plaintiff was represented by Mr. Yanich.

On June 30, 2014, ALJ Johnson issued an unfavorable decision, finding Plaintiff not disabled.  Tr. 19-34.  Plaintiff then sought review by the Appeals Council, which the Council denied in January 2015, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Tr. 1-15.  Plaintiff then timely filed this judicial action.

On December 17, 2015, the Court entered an Order affirming in part and reversing in part the Commissioner's decision. Dkt. #19. The Court determined that the ALJ had not properly considered evidence from two of Plaintiff's doctors, had improperly weighed Plaintiff's GAF scores, and had improperly evaluated evidence from non-examining physicians. Dkt. #19 at 10-13. On that basis, the Court remanded the matter for further administrative proceedings. Dkt. #19 at 13. The instant motion followed.

## III.   DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for EAJA attorney fees: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" must exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence for remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* In the instant case, the Commissioner concedes that Plaintiff is the prevailing party. Dkt. #24 at 1, fn. 1. While not explicitly

conceding such a point, the Commissioner also does not raise the issue of substantial justification. Dkt. #24 at 1. Fn. 1. Instead, as noted above, the Commissioner asserts that Plaintiff's request should be denied because the fees requested are unreasonable.

The party seeking fees bears the burden of submitting detailed time records justifying the hours claimed. *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on denial of rehearing*. Contemporaneous records of hours worked are preferred in the Ninth Circuit. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

In *Hensley v. Eckerhart*, the United States Supreme Court explained:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983), *superseded in part by statute* (internal citations omitted).[1]

The Court may credit that party with fewer hours if the time claimed is "excessive, redundant, or otherwise unnecessary." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). Some cases indicate that in Social Security disability cases, compensated hours generally range from 20 to 40 hours. *DiGennaro v. Bowen*, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 and n. 2 (C.D. Cal. 2000) (finding 33.75 hours claimed to be spent reasonable and noting in general approved range of 20

---

[1] In *Hensley v. Eckerhart*, the Supreme Court held that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." 461 U.S. at 440. It appears, however, that the PLRA has somewhat redefined this approach in prisoner litigation. Under the PLRA, the fee must be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" and "proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1997e(d)(1). The instant matter does not involve prisoner litigation.

ORDER ON EAJA FEES
PAGE - 4

to 46 hours for services performed before district court); *Bunn v. Bowen*, 637 F.Supp. 464, 470 (E.D.N.C. 1986) (stating that never before had 51 hours of compensable time been claimed before it in social security cases).

In the instant matter, there is no dispute that Plaintiff is entitled to attorney's fees and costs. The Commissioner also does not challenge the claimed costs or the time attributed to counsel's paralegal. Dkt. #24 at 1, fn. 1. Thus, the Court must calculate the lodestar rate. The lodestar rate is the product of the hours reasonably expended multiplied by the reasonable hourly rate.

Plaintiff's attorney submitted a table of hours worked on this case. Dkt. #22-2. Plaintiff's counsel and his brother (also an attorney) together billed 55 hours of work, but counsel then made a billing judgment reduction of three hours. *Id.* Accordingly, counsel initially sought to be compensated for 52 hours. *Id.* On Reply in support of the instant motion, Plaintiff's counsel seeks an additional three hours of time for preparing the Reply Brief. Dkt. #25-1 at 3. Thus, Plaintiff's counsel seeks a total of 55 hours of time.

The Commissioner argues that 55 hours is excessive and unreasonable given the facts of this case. The Court agrees. Although Plaintiff prevailed and the administrative record may have been slightly longer (689 pages) and more complicated (containing three hearing transcripts and many pages of handwritten medical records) than average, the legal issues were not complex or unusual. In fact, Plaintiff's counsel devoted very little space in his brief (only half of a page) to the one "issue of first impression," which the Court did not and does not find to be a complicated one. *See* Dkt. #12 at 31. Further, Plaintiff's counsel acknowledges that he has significant experience representing claimants on Social Security appeals. Dkt. #25-1 at 1.

Moreover, he represented Plaintiff in the administrative process, during which he became familiar with the record and briefed many, if not all, of the issues raised before this Court.

The Court also notes the following.  Of the 55 hours sought by counsel, a total of 36.3 hours were spent on the Opening brief.  Dkt. #22-3.  On September 29, 2015, in his motion for excess pages, counsel stated to the Court that:

> after editing the initial summaries of the evidence in this case, my current draft of my brief is 27 pages long, and I do not believe that I can effectively present all of the arguments in this case in a brief that is only 18 pages long. . . .  I am asking for leave of court to file a 30 page brief, and I will attempt to edit the brief as short as possible, but I am very concerned that if I have to edit the brief down to the current page limit of 18 pages, this will prevent me from adequately presenting my client's case in court . . . .

Dkt. #10-1.  Prior to making those representations, Plaintiff's counsel had billed 4.1 hours of time on the then-27-page Opening brief (while his brother had billed 19.4 hours drafting the brief).  Dkt. #22-3.  In the two days following the Court's allowance of excess pages, Plaintiff's counsel spent an additional 11.7 hours of drafting time, apparently adding three pages to the brief.  Despite filing a 30-page brief, Plaintiff's counsel only spent 0.1 hours reviewing the Commissioner's Response.  *Id.*  Yet he then sought and received excess pages for the Reply brief and spent another 11.7 hours drafting that brief.  *Id.*  In view of counsel's significant experience, and the fact that the issues in this case were not particularly complex, the Court finds some of that time to be excessive.  For all of these reasons, the Court concludes that the hours for which Plaintiff's counsel seeks attorney's fees should be reduced from 55 hours to 42 hours.

The hourly rate sought by Plaintiff's counsel is $190.28.  The Commissioner does not dispute the reasonableness of this rate, nor does the Court.  Thus, using the reduced hours above, the lodestar calculation is $7991.76 (42 hours x $190.28).  In addition, Plaintiff is

entitled to the $250.00 sought for paralegal time spent on his case and postage expenses in the amount of $23.39.  The total amount awarded by the court will be **$8265.15**.

### IV.   CONCLUSION

Having reviewed Plaintiff's motion and the opposition thereto, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for an Award of Fees (Dkt. #22) is GRANTED IN PART AND DENIED IN PART as discussed above.

2. Subject to any offset allowed under the Treasury Offset Program, payment of $8241.76 in fees and $23.39 in costs (for a total of $8265.15) shall be made via check sent to Attorney Eitan Kassel Yanich's address: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Ave. E., Suite 321, Olympia, WA, 98501.

3. If the EAJA fees and expenses are not subject to any offset, the EAJA attorney fees shall be paid directly to the order of Eitan Kassel Yanich.

DATED this 14th day of April, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON EAJA FEES
PAGE - 7